## SLEEPER v. PICKERING.

The plantiff's declaration alleged that the defendant, by his written obligation, acknowledged himself bound to the plaintiff in the sum of $500, which was declared by the bond to be stipulated damages in case the defendant did not abide by and perform an award to be made, &c. It then set forth that the bond was upon condition that the obligor should, in all things, stand to and perform the award, and should have no power to revoke the submission, but, in case he did not agree in all things to the submission, said sum of $500 should become due and owing, and recoverable by the plaintiff. It then set forth a hearing and an award for the plaintiff, and averred a demand and refusal, whereby, &c. On general demurrer to the declaration;—*Held*, that, on these averments, the non-payment of the sum awarded was well assigned as a breach.

DEBT on a bond. The declaration alleged that the defendant, on the 20th of March, 1844, by written obligation, &c., acknowledged himself to be bound to the plaintiff in the sum of $500, which was declared by said writing to be the stipulated damages in case the defendant did not abide by and fully perform the award to be made by certain arbitrators, named in the instrument. It then set forth that the bond was subject to the condition that said Pickering should, in all things, well and truly stand to, obey, perform, fulfill and keep the award of said arbitrators, and that the defendant further agreed, as a part of the submission, that he should not have the power to revoke the submission in any way or at any time; but, in case he did not agree in all things to said submission, said sum of $500 should become due and owing, and recoverable by the plaintiff.

The declaration then set forth a hearing by the arbitrators, and an award that Pickering should pay the plaintiff $259.80, and costs of reference, taxed at $63.26; and alleged, as a breach, a demand upon the defendant to pay the amount awarded, and a refusal, whereby an action

had accrued to the plaintiff to have and recover said sum of $500. The defendant demurred to the declaration.

*Nesmith, Perley,* and *Ainsworth,* for the defendant, argued that the condition of the bond, providing for liquidated damages, was for revoking or withdrawing from the submission — not for not performing the award — while the only breach assigned was such non-performance.

*W. Butterfield, Pierce & Minot,* for the plaintiff.

PARKER, C. J. The objection to the declaration does not appear to be sustained. It alleges that the defendant bound and obliged himself, by his writing obligatory, in the sum of $500, which was declared by said bond to be stipulated damages in case the defendant should not abide by and fully perform the award of certain arbitrators. It then became necessary to set forth the condition, sufficiently at least to show a breach. Alleging the non-payment of the sum of $500 in the usual form, as if the bond was single, or as if the sum of $500 was a penalty; leaving it to the defendant to aver and set out the condition, would not have been sufficient. Whether it was necessary to set out the condition at large, it is not material to inquire. If not, what is unnecessary is at most but surplusage.

In setting forth the condition, it appears that it was further agreed by the defendant that he should not have power to revoke his submission, "but, in case he did not agree in all things to said submission, said sum of $500 should become due and owing, and recoverable" by the plaintiff. This certainly does not change the character of the first part of the bond, by which, according to the averment in the declaration, the defendant agreed that the sum of $500 should be stipulated damages in case the defendant should not abide by and perform the

award. It only adds another agreement, for the breach of which the stipulated damages were to be paid, and it is not material that the stipulation is found in the obligatory part of the bond, and not in the condition. The obligatory part of the bond specifies one contingency upon which the principal sum is to be recovered as stipulated damages. On the construction of the defendant, the condition specifies another. The breach is well alleged upon the first, in setting forth the award, the demand of the money, and the refusal.

*Judgment for the plaintiff.*